IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Deborah L. Marshall,              :

      Plaintiff,               :

    v.                            :        Case No. 2:08-cv-1003

Michael J. Astrue,               :        JUDGE MARBLEY
Commissioner of Social Security,
                         :
      Defendant.


<u>OPINION AND ORDER</u>

This matter is before the Court to consider *de novo* the plaintiff's objections to a Report and Recommendation of the Magistrate Judge recommending that judgment be entered in favor of the Commissioner. Those objections were filed on April 14, 2010, and the Commissioner filed a response on April 26, 2010. For the following reasons, plaintiff's objections will be overruled and judgment will be entered for the defendant.

I. <u>Background</u>

Plaintiff claimed disability due to problems resulting from a brain aneurysm, including memory problems, seizures, and headaches. She had previously done either unskilled or semi-skilled work at the sedentary, light, or medium exertional levels, such as machine feeder, assembly line worker, cashier, and data entry operator. She had also been awarded disability benefits in 1995 following the aneurysm, but those benefits were terminated in 2000 due to medical improvement in her condition. It is that decision which she contests here.

The administrative decision found that plaintiff did have severe impairments including residuals of a cerebral aneurysm, a seizure disorder, right ankle sprain, and a history of polysubstance abuse, in remission. However, the Commissioner

found that plaintiff could still perform work at any exertional level although she had some physical limitations, involving climbing ropes, ladders or scaffolds, driving, working around unprotected heights or moving machinery, and using her right arm or right hand for certain tasks, and she also had some mental limitations concerning carrying out complex instructions. Because a vocational expert testified that plaintiff could still perform such jobs as laundry worker, postal machine operator, microfilm document preparer, or surveillance system monitor, the Commissioner denied her claim for benefits.

In her statement of errors, plaintiff raised five issues: that proper weight was not given to the opinions of various treating and examining sources concerning her seizure disorder; that the Commissioner erred in relying on the testimony of the medical expert; that the Commissioner did not have a basis for some of the assumptions incorporated into the hypothetical question posed to the vocational expert; that her credibility was not properly evaluated; and that the Commissioner did not properly take into account certain test results which, in her view, showed that she suffered from significant cognitive deficits.  The Report and Recommendation rejected each of these contentions and recommended that the case be decided in favor of the Commissioner.

II.  Plaintiff's Objection

Plaintiff's objection to the Report and Recommendation focuses almost exclusively on the way in which her seizure disorder was evaluated.  As she did in her statement of errors, she argues that the administrative decision's finding that she was non-compliant with her seizure medication, and that because of that non-compliance it was not possible to determine if her seizure disorder was disabling, was erroneous.  She contends that the instances of non-compliance which are demonstrated by the

medical records, and which were used by the Administrative Law
Judge and the testifying medical expert, Dr. Goren, as support
for their conclusions, cannot be deemed substantial in light of
all of the evidence of record.  She also asserts that the
administrative decision did not acknowledge or properly deal with
the cognitive dysfunction that followed the aneurysm.

It is accurate to characterize the medical records,
including the notes of Dr. Sullivan, one of plaintiff's treating
physicians, as showing that plaintiff's physicians were making a
real effort to find a combination of medications and dosages
which would treat her seizure disorder effectively.  The
administrative decision in this case did not reject or ignore
that evidence.  Rather, it focused on the evidence concerning
whether plaintiff was fully compliant with whatever treatment
regimen had been recommended.

As plaintiff acknowledges, there are many instances in the
record which show that, when her blood level of these medications
was tested, sub-therapeutic values were obtained.  Dr. Goren, the
medical expert, testified that there was a good deal of
uncertainty about plaintiff's alleged seizure disorder.  For
example, he noted that during studies, plaintiff reported having
seizures when the electroencephalogram did not record seizure
activity.  (Tr. 728).  He stated that "[w]ith the records I have,
she has not been compliant with her medication." (Tr. 729).
Those records support that conclusion.  He noted evidence that
she was continuing to drive a car.  Id.  The Commissioner relied
on Dr. Goren's testimony, as well as other evidence about
plaintiff's lack of credibility in describing her impairments and
her lack of compliance with other types of treatment, in
concluding that her testimony about the frequency of her seizures
despite medication was not fully credible.  (Tr. 32-33, 35).
Further, there is no evidence indicating that plaintiff's low

-3-

levels of anti-convulsant medications are due to an abnormal
metabolism.  Thus, the Commissioner had a reasonable basis,
taking the record as a whole, for determining that plaintiff was
non-compliant and that her seizure disorder, while severe, was
not disabling.

The other part of plaintiff's objection relates to her
cognitive functioning.  As the Commissioner's response points
out, even if her cognitive functioning formed a partial basis for
Dr. Sullivan's opinion about disability, the administrative
decision rejected that opinion on grounds that Dr. Sullivan's
notes also indicated that, for the most part, plaintiff's mental
functioning was "quite good," and that "he provided no objective
findings in support of his conclusions."  (Tr. 31). Plaintiff
does not directly attack these findings in her objection, and the
Court agrees that the administrative decision adequately
explained why any deficits in plaintiff's cognitive functioning
could not be considered disabling.

In short, while the Court may or may not have weighed the
evidence of record in the same fashion as did the Commissioner,
that is not the question.  As the Court of Appeals has frequently
stated, in this type of case, "[o]ur job is not to reweigh the
evidence.  That is solely the province of the Secretary [now
Commissioner]."  <u>Mullins v. Secretary of H.H.S.</u>, 680 F.2d 472
(6th Cir. 1982).  Because that is what plaintiff is asking the
Court to do, the Court is constrained to overrule her objections
and affirm the Commissioner's decision as recommended.

III.  <u>Conclusion</u>

For these reasons, the plaintiff's objections to the Report
and Recommendation of the Magistrate Judge are OVERRULED, and the
Report and Recommendation is ADOPTED.  The plaintiff's statement

-4-

of errors is OVERRULED, the decision of the Commissioner is
AFFIRMED, and the Clerk is directed to enter judgment in favor of
the defendant Commissioner.


 s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge